IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**HERBEY GARCIA ARMENDARIZ #79366-180,**
    Plaintiff,

-vs-                     Case No. A-09-CA-191-SS

**DIRECTOR U.S. BUREAU OF PRISONS,
WARDEN CLAUDE MAYE,
DR. McLAUGHLIN, and UNITED
STATES OF AMERICA,**
    Defendants.

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE SAM SPARKS
    UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint (Document No. 1); Plaintiff's "Commentary Prison Litigation Reform Act Exhaustion of Administrative Remedies 42 U.S.C. Sec. 1997e(a)" (Document No. 6); the Defendants' Motion to Dismiss, which this Court has construed as a Motion for Summary Judgment (Document No. 17); Plaintiff's Motion for Class Action (Document No. 15); Plaintiff's response to the Defendants' Motion to Dismiss (Document No. 19); Plaintiff's Motion to Amend Complaint (Document No. 26); the Defendants' response thereto (Document No. 30); and Plaintiff's

reply (Document No. 32). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I. BACKGROUND

At the time he filed his complaint, Plaintiff was confined in FCI Bastrop.[1]  Plaintiff complains about the medical care he received while confined in the Special Housing Unit (SHU) at FCI Bastrop.  However, Plaintiff did not exhaust his administrative remedies prior to filing his lawsuit.  Defendants move to dismiss Plaintiff's complaint on this basis.

## II. ANALYSIS

A.  Standard of Review Under Fed. R. Civ. P. 56(c)

The Court has construed the Defendants' Motion to Dismiss as a Motion for Summary Judgment, as it relies on documents outside of the pleadings.  A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992).  When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial.  Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995);  Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986).  The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense.  Id. at 322,

---

[1] Plaintiff has subsequently been transferred to FCI El Reno.

2

106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Fed. R. Civ. P. 56(e); Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

    B.    <u>Exhaustion of Administrative Remedies</u>

The PLRA provides "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003); Underwood v. Wilson, 151 F.3d 292, 293 (5th Cir. 1998). Exhaustion is now mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 739, 741 n. 6, 121 S. Ct. 1819 (2001).

3

Additionally, "[u]nder the present version of § 1997e, the district court is no longer required to determine whether a prisoner . . . has reasonably and in good-faith pursued his administrative remedies." Underwood, 151 F.3d at 294.

Since the amendment of § 1997e, the Fifth Circuit has taken a strict approach to the exhaustion requirement. See Richardson v. Spurlock, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal of inmate's § 1983 claim for failure to exhaust because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) (stating "[n]othing in the [PLRA] . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems") (footnote omitted). On the other hand, the Fifth Circuit has also stated the exhaustion requirement "may be subject to certain defenses such as waiver, estoppel, or equitable tolling." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998).

The Supreme Court has made clear "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative sources." Booth, 532 U.S. at 741, 121 S. Ct. at 1825, n.6. Additionally, the Supreme Court has held the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002).

    1.    Bivens Claims

The Federal Bureau of Prisons, which administers the prison in which Plaintiff is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff by filing a BP-8 form. 28 C.F.R. § 542.13(a).

If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden using a BP-9 form. 28 C.F.R. § 542.13(b). If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel using form BP-11. 28 C.F.R. § 542.15.

The Defendants have provided the Court with the affidavit of Martin Joseph Sweaney, staff attorney for the Bureau of Prisons ("BOP"). Sweaney attests that Plaintiff has on seven occasions submitted filings pursuant to the BOP's administrative remedy system. All seven of Plaintiff's filings pursuant to the BOP's administrative remedy system were rejected because Plaintiff filed them incorrectly. Accordingly, Plaintiff failed to exhaust his administrative remedies prior to executing his federal complaint on March 10, 2009.[2]

### 2. Federal Tort Claims Act

Plaintiff also asserts a cause of action under the Federal Tort Claims Act (FTCA). The FTCA provides a limited waiver of sovereign immunity. The statute allows the United States to be held liable to the same extent as a private employer for certain common law torts of government employees acting within the scope of their employment. 28 U.S.C. § 1346(b). A claim is not actionable in federal court unless the claimant has exhausted administrative remedies with the appropriate government agency. 28 U.S.C. § 2675(a). The FTCA bars claimant from filing suit in

---

[2] The Court notes Plaintiff has recently flooded the Court with numerous civil rights complaints and related applications for habeas corpus relief filed on behalf of other inmates. See Defendants' Exhibit C. All of the cases appear to have been filed without first exhausting administrative remedies. In addition, it is unclear whether these complaints and applications were signed by Armendariz or the actual plaintiff or petitioner in each case. Plaintiff's assistance to these inmates is a disservice to the inmate-plaintiff and a burden on the Court.

federal court until they have exhausted administrative remedies. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980 (1993).

Plaintiff does not allege that he filed an Administrative Tort Claim, which is a separate process than the four-step grievance procedure and applies only to tort claims. Moreover, Sweaney attests Plaintiff has not commenced the process of administrative exhaustion under the FTCA.

### 3. Motion for Leave to Amend

Plaintiff's request to amend his complaint should be denied. Plaintiff's proposed amendment does not resolve Plaintiff's failure to exhaust his administrative remedies. Moreover, Plaintiff failed to provide the Court with his proposed amended complaint, which would supersede his original complaint.

### III. RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendants' Motion to Dismiss, which has been converted to a Motion for Summary Judgment, and **DISMISS WITHOUT PREJUDICE** Plaintiff's complaint for failure to exhaust his administrative remedies. The undersigned further recommends that the District Court **DENY** Plaintiff's Motion for Leave to Amend and **DENY AS MOOT** Plaintiff's Motion for Class Action.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of August, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE