IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**HERBEY GARCIA ARMENDARIZ #79366-180,**
    **Plaintiff,**

**-vs-**                                                           **Case No. A-09-CA-191-SS**

**DIRECTOR U.S. BUREAU OF PRISONS, WARDEN CLAUDE MAYE, DR. McLAUGHLIN, and UNITED STATES OF AMERICA,**
    **Defendants.**

## **O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Herbey Garcia Armendariz ("Armendariz")'s Complaint [#1]; Defendants Director U.S. Bureau of Prisons, Warden Claude Maye, Dr. McLauglin, and the United States of America ("Defendants")'s Motion to Dismiss, construed as a Motion for Summary Judgment [#17]; Armendariz's Response [#19]; Armendariz's Motion to Certify Class [#15]; Armedariz's First and Second Motion to Amend Complaint [#26] [#35]; Armendariz's Motion for Reconsideration [#44]; the Report and Recommendation of the Magistrate Judge [#34], and Armendariz's objections thereto [#37]. For the reasons set forth below, the undersigned finds that Defendants' Motion for Summary Judgment should be GRANTED and Armendariz's outstanding motions DISMISSED AS MOOT.

All matters in this case were referred to the Honorable Andrew Austin, United States Magistrate Judge, for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of

Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended, effective December 1, 2002. On August 26, 2009, the Magistrate Judge issued his report and recommendation that Defendants' Motion for Summary Judgment should be GRANTED.

Armendariz timely filed written objections to the Magistrate's report and recommendation on September 3, 2009, and thus the Court reviews the Magistrate Judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Having reviewed the complaint, the motions, the report and recommendation, the objections, the applicable law, and the case file as a whole, the Court ACCEPTS the Magistrate Judge's report and recommendation.

**Background**

Armendariz brings a damages action against several defendants under the Federal Tort Claims Act ("FTCA") and under 42 U.S.C. § 1983, through *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He alleges he sustained a variety of personal injuries due to the negligence of prison officials. These injuries include "vascular, feet, neck, back injuries and injuries to his body generally" related to his diabetes while confined in FCI Bastrop.[1] Armendariz claims losses and damages in the amount of $425,000.

**I.     Summary Judgment Standard of Review**

Summary judgment may be granted if the moving party shows there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding summary judgment, the Court construes all facts and inferences in the light most favorable to the

---

[1] Armendariz has since been transferred to FCI El Reno.

nonmoving party. *Richter v. Merchs. Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996). The standard for determining whether to grant summary judgment "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon the record evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990).

Both parties bear burdens of production in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party has the initial burden of showing there is no genuine issue of any material fact and judgment should be entered as a matter of law. FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The nonmoving party must then come forward with competent evidentiary materials establishing a genuine fact issue for trial, and may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256–57; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the non-movant's burden. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

## II.     Failure to Exhaust Administrative Remedies

Section 1997e of the Civil Rights of Institutionalized Persons Act (the "PLRA") provides "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Administrative remedies must be exhausted regardless of the type of relief sought in the lawsuit and regardless whether the particular type of relief sought is available through the applicable grievance process. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). The exhaustion requirement applies to all suits about prison life, whether they

involve general circumstances or particular episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Fifth Circuit has taken a strict approach to the exhaustion requirement. *See Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal of inmate's § 1983 claim for failure to exhaust because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (stating "[n]othing in the [PLRA] . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems").

## A.   Armendariz's *Bivens* Action

The Federal Bureau of Prisons, where Armendariz is incarcerated, has a four-step process for resolving complaints by prisoners. Initially a prisoner must attempt to informally resolve the complaint by filing a BP-8 form. 28 C.F.R. § 542.13(a). If these attempts are unsuccessful, the prisoner must file a written complaint with the warden using a BP-9 form. *Id.* at § 542.13(b). If the prisoner remains unsatisfied after the warden's response, the prisoner may appeal to the Regional Director using a BP-10 form. *Id.* at § 542.15. If the prisoner is still unsatisfied, the final step is to appeal to the Office of General Counsel using form BP-11. *Id.* Only after proceeding through this four-step administrative remedy has the prisoner exhausted sufficiently to file suit in federal court.

Armendariz has submitted seven filings through the prison administrative remedy system. All seven have been rejected because Armendariz has filed them incorrectly or out of order. Def. Mot. to Dismiss at 5; Ex. D ¶ 4. For example, he has skipped the informal resolution step discussed above and filed initially with the warden. *Id.* When his complaint to the warden was rejected and he was instructed to resubmit at the proper level, rather than restarting with the BP-8 form, Armendariz appealed the rejection to the Regional Director. *Id.* As discussed above, the Fifth

Circuit does not require district courts to determine whether the prisoner pursued administrative remedies in good faith, but only whether he pursued them correctly. *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998). Even technical errors in filing are sufficient to show a failure to exhaust. *Id.* at 294.

### B. Armendariz's Federal Tort Claims Act Cause of Action

While Armendariz's FTCA claims are arguably not governed by the PLRA, they are still barred for failure to exhaust administrative remedies. The FTCA allows the United States to be held liable to the same extent as a private employer for certain common law torts committed by government employees within the scope of their employment. 28 U.S.C. § 1346(b). However, these claims are not actionable unless the claimant has exhausted administrative remedies with the appropriate government agency. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). There is no indication Armendariz pursued any administrative remedies regarding his FTCA claim, and Defendants' attest he has not even begun the process. *See* Def. Mot. to Dismiss at 5; Ex. D.

### C. Armendariz's Motions for Leave to Amend

Armendariz seeks to amend his complaint, not to resolve his failure to exhaust administrative remedies, but rather to specify additional injuries and additional defendants. Neither of these amendments will rectify his complaint such that it will sustain summary judgment.

**Conclusion**

In accordance with the foregoing, the Court enters the following orders:

IT IS ORDERED that Defendants' Motion to Dismiss, converted to a Motion for Summary Judgment [#17], is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Certify Class [#15], First and Second Motions to Amend Complaint [#26, #35], and Motion for Reconsideration [#44] are DISMISSED AS MOOT.

SIGNED this the 5th day of November 2009.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE